UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ARKOWITZ, et al.,<br><br>Defendants. | Case No. 18-cv-03971-WHO (PR)<br><br>**ORDER RE: PENDING MOTIONS;**<br><br>**ORDER DISMISSING THE UNDERSIGNED AS A DEFENDANT**<br><br>Dkt. Nos. 4, 6 and 7 |

### I.   Motion to Disqualify

Magee moves to disqualify me. (Dkt. No. 3.) He alleges that I have "exhibited prejudice"; "fear to tell the truth" about a defendant in a prior action[1]; am aware of corruption in the courts; concealed the fact of Magee's acquittal in criminal case in the 1970s; and have "become easy pr[e]y for actually BLACKMAILING AND BRIBERY [*sic*]." Magee provides no examples of prejudice, corruption, concealment, blackmail or bribery. Rather, he uses these words as labels for his objections to the Court's enforcement of 28 U.S.C. § 1915(g), which bars pauper status for a prisoner who has on at least 3 occasions had an action or appeal dismissed because it was frivolous, malicious, or

---

[1] *Magee v. Reardon*, 18-cv-00672-WHO (N.D. Cal. 2018).

because it failed to state a claim for relief.[2] Magee refers to the orders enforcing section 1915 as "gag orders."

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1).

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under section 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under sections 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under section 144 will raise a question concerning recusal under sections 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Magee's motion to disqualify the undersigned is DENIED. His conclusory allegations fail to provide any fact or reason on which a reasonable person would conclude

---

[2] In May 2018, in another of Magee's lawsuits, the Court, pursuant to section 1915(g), denied plaintiff's IFP application and dismissed the action. *Magee v. Reardon*, 18-cv-00672-WHO (N.D. Cal. 2018).

1 that my impartiality might reasonably be questioned, or that otherwise indicate any bias or prejudice.

## II. Ex Parte Motion on Imminent Danger

Magee moves for a hearing on whether he currently faces imminent danger of serious physical injury. (Dkt. No. 4.) He alleges in a conclusory fashion that his jailors are subjecting him "to both physically and mentally torturing with death threatening effect" for exercising his First Amendment rights. He does not say what this physical or mental torture is. He also alleges he is 78, "in bad health suffering high blood pressure and some type of virus as a result of excessive stress," and is receiving "improper medical treatment." He does not specify what the improper treatment is.

Magee's motion for a hearing is DENIED. His allegations are conclusory and show no indication that he is in imminent danger of serious physical injury.

## III. Motions to Consolidate Cases

Magee asks the Court to (i) consolidate the current suit with another (18-01562) because they contain related issues and (ii) file the complaint in the instant suit in another case (18-04518) because there are related issues between the cases. (Dkt. Nos. 6 and 7.)

These motions are DENIED. There is no need to consolidate these cases, each of which can be handled individually. If Magee wishes to file an amended complaint in the other action, he is free to do so.

## IV. Dismissal of the Undersigned

Plaintiff names the undersigned as a defendant in this action. He alleges that through my judicial rulings, I denied him access to the courts, unjustly refused to appoint a special master to oversee a prior action, and protected the defendants in the prior case, thereby "setting him up for wrongful death in retaliation" for exercising his First Amendment rights.

A federal judge is absolutely immune from civil liability for acts performed in his or her judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends

3

to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).

Because federal judges are immune from suit for acts performed in their judicial capacity, the claims against the undersigned are DISMISSED WITH PREJUDICE. The Clerk shall terminate the undersigned as a defendant in this action.

The Clerk shall terminate Dkt. Nos. 4, 6 and 7.

**IT IS SO ORDERED.**

**Dated:** October 23, 2018



WILLIAM H. ORRICK
United States District Judge