UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br>Plaintiff,<br>v.<br>STEVEN ARKOWITZ, et al.,<br>Defendants. | Case No. 18-cv-03971-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 5 and 13 |

This federal civil rights action will be dismissed because plaintiff Ruchell Cinque Magee has failed to either (i) show cause why the suit should not be dismissed, or (ii) pay the $400.00 filing fee.

Magee, a state prisoner and frequent litigant in federal court, filed this suit under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[1] He was ordered to show cause on or before November 26, 2018 why 28 U.S.C. § 1915(g) does not bar pauper status in this action. (Order to Show Cause, Dkt. No. 9.) Section 1915(g) bars a prisoner from proceeding IFP if that prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim for relief. In the OSC, ten such suits were identified. (Dkt. No. 9 at 2-3.)

Magee responded to the OSC by filing (i) a motion to stay the district court proceedings and (ii) a notice of appeal. (Dkt. Nos. 11 and 13.) These filings are not proper responses to the OSC nor do they show cause why section 1915(g) should not apply here. Consequently, this suit will be dismissed for failure to respond to the OSC or to

---

[1] In his complaint, Magee alleges state and federal actors have concealed evidence that in the 1970s he was acquitted of certain criminal charges, and that this concealment has injured him in various ways.

United States District Court
Northern District of California

1  otherwise show that section 1915(g) should not apply.

2  Magee moves for a stay on grounds that the undersigned (i) lacks jurisdiction;
3  (ii) "need[s] to stop run[n]ing its filthy mouth against [the] Constitutional Right [of] access
4  to [the] Court"; and (iii) "is not qualified to act [as] judge in this matter [in] which he or
5  she is named as [a] defendant for accepting [a] bribe." (Dkt. No. 13 at 1-2.)

6  Magee has shown no grounds for a stay. Furthermore, he offers no support for his
7  allegations that the Court lacks jurisdiction, has impeded his access to the Court, or has
8  accepted a bribe. The motion for a stay is DENIED.

9  The Court notes that Magee named me as a defendant and filed a motion to
10 disqualify. (Dkt. No. 3.) Because federal judges are immune from suit under § 1983, I am
11 no longer a defendant in this case. (Dkt. No. 10 at 3-4.) Magee's motion to disqualify was
12 denied because it was unsupported. (*Id.* at 1-3.)

13 To the extent that the motion to stay contains a motion to disqualify, it is DENIED.
14 His conclusory allegations fail to provide any fact or reason on which a reasonable person
15 would conclude that my impartiality might reasonably be questioned, or that otherwise
16 indicate any bias or prejudice. 28 U.S.C. §§ 144 and 445; *Yagman v. Republic Ins.*, 987
17 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

18 This federal civil rights action is DISMISSED without prejudice to Magee bringing
19 his claims in a new paid complaint. His motion to proceed IFP is DENIED. (Dkt. No. 5.)

20 The Clerk shall terminate all pending motions and enter judgment in favor of
21 defendants.

22 **IT IS SO ORDERED.**
23 **Dated:** December 4, 2018

WILLIAM H. ORRICK
United States District Judge